IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christopher R. Arbuckle,<br><br>    Petitioner,<br><br>vs.<br><br>Fizer, et al.,<br><br>    Respondents. | No. CV 07-0428-PHX-MHM (ECV)<br><br>**ORDER** |

    On January 3, 2007, Plaintiff filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. #1). The matter was referred to United States Magistrate Judge Edward C. Voss, who issued a Report and Recommendation on May 15, 2008, recommending that the Court deny and dismiss with prejudice the Petition for Writ of Habeas Corpus with prejudice. (Dkt. #11). Plaintiff filed written Objections to the Magistrate Judge's Report and Recommendation on May 28, 2008. (Dkt. #12).

**I.   STANDARD OF REVIEW**

    A district court must review *de novo* the legal analysis in a Magistrate Judge's Report and Recommendation. See 28 U.S.C. § 636(b)(1)(C). In addition, a district court must review *de novo* the factual analysis in the Report and Recommendation for those facts to which objections are filed. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); see also 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed

findings or recommendations to which objection is made."). "Failure to object to a magistrate judge's recommendation waives all objections to the judge's findings of fact." Jones v. Wood, 207 F.3d 557, 562 n. 2 (9th Cir. 2000).

## II.     DISCUSSION

### A. Exhaustion Requirement

To have a meritorious federal writ of habeas corpus, a state prisoner must first exhaust his remedies in the state courts. See 28 U.S.C. § 2254(b)(1) & (c); Duncan v. Henry, 513 U.S. 364, 365-66 (1995); McQueary v. Blodgett, 924 F.2d 829, 833 (9th Cir. 1991). To properly exhaust a federal habeas claim, a petitioner must afford the state an opportunity to rule on the merits of the petitioner's claims by "fairly presenting" the claims to the state's highest court in a procedurally correct manner. See O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999). In essence, to satisfy the exhaustion requirement, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845; 28 U.S.C. § 2254(b)(1)(A).

In Arizona, a petitioner must fairly present his claims to the Arizona Court of Appeals by properly pursuing them through the state's direct appeal process or through appropriate post-conviction relief. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). Petitioner need only exhaust one of these avenues of relief before bringing a habeas petition in federal court. Castillo v. McFadden, 399 F.3d 993, 998 n. 3 (9th Cir. 2005) (citing Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999)).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. Bland v. Cal. Dep't of Corrections, 20 F.3d 1469, 1472-73 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017, 1025 (9th Cir. 2000) (en banc); Tamalini v. Stewart, 249 F.3d 895, 898-99 (9th Cir. 2001). "Our rule is that a state prisoner has not 'fairly presented'

(and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." Lyons v. Crawford, 232 F.3d 666, 668 (9th Cir. 2000), amended on other grounds, 247 F.3d 904 (9th Cir. 2001). Fundamentally, "if a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court." Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

Petitioner asserts four grounds for habeas relief in the instant Petition for Writ of Habeas Corpus: (1) that he was denied his constitutional right to a fair trial when the trial court denied his request to sever the counts against him that involved different victims; (2) that his privilege against self-incrimination was violated when the prosecution used letters he wrote while in jail against him at trial; (3) that his rights under the Fourth Amendment were violated because the search warrant was executed earlier than the time allowed under Arizona law; (4) that his rights under the Sixth and Fifteenth Amendments were violated when a prior conviction from 1995 was used to enhance his sentence. (Dkt. #1).

As Magistrate Judge Voss points out, Petitioner failed to properly exhaust grounds one, two, and four of his federal habeas petition in state court. Although Petitioner raised similar claims on direct appeal in state court (Dkt. #7, Exhibit O), he failed to raise them as violations of the U.S. Constitution. Contra Lyons, 232 F.3d at 666 (petitioner must specifically indicate to the state court that his claims are based on federal law). As such, grounds one, two, and four of Petitioner's Petition for Writ of Habeas Corpus were not properly exhausted, regardless of their similarity to the claims raised in state court. Johnson, 88 F.3d at 830. However, Petitioner did properly exhausted his Fourth Amendment claim (ground three of the petition) by fairly presenting the claim in state court as a violation of Petitioner's Fourth Amendment rights. (Dkt. #7, Exhibit O).

//

**B.     Procedural Default**

- 3 -

1    If a petition contains claims that were never fairly presented in state court, then the
2 federal court must determine whether any state remedies remain available to the petitioner.
3 See Rose v. Lundy, 455 U.S. 509, 519-20 (1982); Harris v. Reed, 489 U.S. 255, 268-70
4 (1989) (O'Connor, J., concurring). If remedies are still available in state court, then the
5 federal court may dismiss the petition without prejudice pending the exhaustion of the
6 state remedies. Rose, 455 U.S. at 520. However, if the court finds that the petitioner
7 would have no state remedy were he to return to state court, then his claims are considered
8 procedurally defaulted. Teague v. Lane, 489 U.S. 288, 298-99 (1989); Sandgathe v.
9 Maass, 314 F.3d 371, 376 (9th Cir. 2002).

10   A petitioner who has procedurally defaulted his state claims may not raise the
11 claims in a federal habeas petition unless the petitioner can demonstrate a miscarriage of
12 justice, show cause and prejudice, or show actual innocence that would excuse the default.
13 See Coleman, 501 U.S. at 750-51; Ellis v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000)
14 (citing Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994)). The standard for "cause and
15 prejudice" is one of discretion; it is intended to be flexible and yielding to exceptional
16 circumstances only. See Hughes v. Idaho State Board of Corrections, 800 F.2d 905, 909
17 (9th Cir. 1986). Although both cause and prejudice must be shown to excuse a procedural
18 default, the Court need not examine the existence of prejudice if the petitioner fails to
19 establish cause. See Engle v. Isaac, 456 U.S. 107, 134 n.43 (1982); Thomas, 945 F.2d at
20 1123 n. 10. However, failure to establish cause may be excused "in an extraordinary case,
21 where a constitutional violation has probably resulted in the conviction of one who is
22 actually innocent." See Murray v. Carrier, 477 U.S. 478, 496 (1986).

23   In the instant case, grounds one, two, and four of the Petition for Write of Habeas
24 Corpus were not properly exhausted. See Johnson, 88 F.3d at 830. In addition, Petitioner

- 4 -

1  would no longer have a remedy if he returned to the state court.[1]  As a result, Petitioner's
2  claims are considered procedurally defaulted.  See Teague, 489 U.S. at 298-99; Sandgathe,
3  314 F.3d at 376.   However, Petitioner has presented no evidence in either his Petition or
4  Objections to the Magistrate Judge's Report and Recommendation that demonstrate a
5  miscarriage of justice, cause and prejudice, or actual innocence.  As such, the Court cannot
6  consider Petitioner's unexhausted and procedurally defaulted claims; the Court must deny
7  grounds one, two, and four of the instant Petition for Writ of Habeas Corpus.

### C.     Fourth Amendment Claim

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the State court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the U.S. Supreme Court, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., delivering the opinion of the Court as to the AEDPA standard of review).

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent."  Taylor, 529 U.S. at 405-06.  Indeed, "[a] state court's decision can involve an 'unreasonable application' of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails to extend a clearly established legal principle to a new

---

[1] The time has passed for Petitioner to seek post-conviction relief in state court under Rule 32.4(a) of the Arizona Rules of Criminal Procedure.  In addition, Petitioner has not shown that any exceptions under Rule 32.1(d), (e), (f), (g) or (h) apply to him.

1 context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002). Thus, a state court's application of federal law must be more than incorrect or erroneous, it must be objectively unreasonable. Lockyer v. Andrade, 538 U.S. 63, 75 (2003). Furthermore, "[w]hen applying these standards, the federal court should review the 'last reasoned decision' by a state court . . . ." Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004).

Here, Petitioner alleges that his Fourth Amendment rights were violated because the warrant at issue was served at 6:28 a.m., two minutes before the time allowed under Arizona law. Petitioner properly exhausted this claim; he raised the same claim in his direct appeal in state court, arguing that Arizona law requires search warrants to be served during the daytime, and that service of the warrant at 6:28 a.m. violated this requirement. (Dkt. #7, Exhibit O).

However, the Arizona Court of Appeals rejected Petitioner's Fourth Amendment claim after finding that the state trial court did not abuse its discretion when it determined that the search complied with Arizona's daytime warrant statute. (Dkt. #7, Exhibit R at 24-26). The Court of Appeals held that the record supports the factual findings made by the trial court regarding the search time. (Id. at 26). Petitioner has not presented evidence in either his Petition or his Objections to the Magistrate Judge's Report and Recommendation that demonstrate that the Arizona Court of Appeals's decision is contrary to, or an unreasonable application of, clearly established federal law or based on an unreasonable determination of the facts. Further, Petitioner did not submit a reply to Respondents' Answer to Petitioner's Petition for Writ of Habeas Corpus. As such, Petitioner has not attempted to satisfy the legal standard for habeas relief under AEDPA. The Court agrees with the Report and Recommendation and finds that Petitioner has submitted no basis for relief on his Fourth Amendment claim; Petitioner's claim is without merit and must be denied.

//

- 6 -

**Accordingly,**

**IT IS HEREBY ORDERED** overruling Petitioner's Objections to the Magistrate Judge's Report and Recommendation. (Dkt. #12).

**IT IS FURTHER ORDERED** adopting the Magistrate Judge's Report and Recommendation in its entirety as the Order of the Court. (Dkt. #11).

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus is denied and dismissed with prejudice. (Dkt. #1).

DATED this 29th day of September, 2008.

_____
Mary H. Murguia
United States District Judge